By the Court—Bosworth, Ch. J.
The judgment in favor of the plaintiffs, against Kyle, for $206,624.50, and the record of such judgment, establish prima facie, as against both Kyle and Earle, that the former were creditors of Kyle to that amount at the time that action was commenced. •
The complaint in that action alleges, as the grounds of' Kyle’s indebtedness, that while he was Secretary of the plaintiffs' Company, he fraudulently sold and assigned shares of its stock, and converted the proceeds to his own use. That action was commenced on the 19th of July, 1854. As a matter of legal necessity, it • must be prima facie true that Kyle had done these acts prior to the 19th of July, 1854.
The complaint in the present action alleges that Kyle was such Secretary from the year 1847 until the beginning of July, 1854, and the answer of Earle admits “that Kyle was the plaintiffs’ Secretary as stated in the complaint.” The complaint in this action also alleges that during this period Kyle “ fraudulently filled up, sold and negotiated a large amount of the certificates of the capital stock of the said plaintiffs, and received the proceeds thereof and applied the same to his own use, to an amount exceeding $200,000 and upwards, for which said judgment was renderedthat after the discovery of said fraudulent transfers, the conveyance in question was made.
The answer of Earle admits his belief “ that Kyle, towards the latter portion of the period of his secretaryship, did, in connection with one Robert Schuyler, the President of the plaintiffs’ Company, fraudulently fill up and -negotiate certificates of the stock of the Company,” but denies any information as to the amount or value of such certificates.
The answer admits enough to support the conclusion- of fact that Kyle, prior to making the conveyance in question, “had defrauded such Company, and that out of such frauds the debt arose which resulted in such judgment, and that such conveyance was made by him after the discovery by some one or more of the officers of such Company of the existence of such frauds.” *592 The Court, at Special Term, found the fact to be so. The testimony of S. M. Blatchford and Charles Denison, as to the time of the discovery of Kyle’s frauds, tends to support this finding. The judgment record, which was produced in evidence, establishes conclusively as against Kyle, and at least prima facie against Earle, the amount and value of the certificates thus fraudulently issued.
The conveyance by Kyle to Earle, which the judgment appealed from declares to be fraudulent, was made on the 6th of July, 1854, and the action, in which the plaintiffs recovered judgment against Kyle, was commenced on the 19th of said July, as is shown by the record of that judgment.
We think it sufficiently proved that Kyle had committed the frauds for which that judgment was recovered, prior to the 6th of July, 1854, and that the plaintiffs were then his creditors to the amount of the value of the stock which he had thus fraudulently transferred, and the proceeds of which he had applied to his own use, and that he made the deed of that date with intent to defraud the plaintiffs and prevent their reaching the property conveyed by that deed.
We think the evidence also supports the further conclusion of fact found by the Court at Special Term, “ that no valuable consideration was paid by the said Earle to the said Kyle for such conveyance.”
It was proved that Earle is the father-in-law of Kyle, and assisted Kyle while the latter was Secretary of the Company; that prior to his beginning to render such assistance he had failed in business, and that subsequently thereto he was out of business until he commenced assisting Kyle; that while so assisting him he lived with Kyle, and the Company paid him nothing; that when he went to live with Kyle, his family was broken up and his wife went to live with her father; that he had no visible means of support, and it was generally reported that Earle was worth nothing.
It is therefore established that the plaintiffs were creditors of Kyle prior to the 6th of July, 1854; that Kyle, after he knew that his frauds, out of which said indebtedness arose, had been discovered, made the conveyance of the 6th of July, 1854, with intent to defraud the plaintiffs, and made it to his father-in-law *593 without consideration, and that the latter was not a man of any property.
Such a conveyance is void as between Kyle and the plaintiffs, and as between the latter and Earle. Where a person owing $200,000, created by his fraudulent acts, as soon as his frauds are discovered, conveys without consideration the only property that he owns, and the value of which does not equal the one-twentieth part of his indebtedness, such conveyance is void as against those who were creditors at the time it was made. (2 Kent’s Com., 440-443, and notes.)
We cannot assent to the proposition that the record of the judgment recovered by the plaintiffs against Kyle, shows that the question of the validity of the deed of the 6th of July, 1854, was determined in that suit, either in fact or in intendment of law.
That question could not have been litigated in that suit, even if Earle had been served with process in it. (Reubens v. Joel, 3 Kern., 488.)
The terms of the judgment do not import that it was considered. On the contrary, it recites that Earle was not served with process, and did not appear in the action. In substance and effect Earle was no more a party to it than if he had not been named in it.
We conclude, therefore, that there was no error committed at the trial, and that the facts found entitled the plaintiffs to the relief granted to them by the judgment appealed from.
Judgment affirmed.