By the Court.*—Bosworth, Ch. J.
The plaintiff and defendant were the only witnesses, as to the interview between themselves, and what was then said between them; or as the interviews between them and Mr. White, when the three were together. Their testimony is in direct conflict throughout. The suit is upon a check made by the defendant. The judge charged that, “if Mr. Sears is to be believed, it (the check) was delivered to White to be used in a certain manner, and for a, certain purpose. It was delivered with the understanding that it was.not to be paid by Mr. Sears, the maker of it, except nut of the funds which should come into Ms hands, belonging to White. If you believe that statement of Mr. Sears, the defendant is entitled to your verdict.” I
Assuming that instruction to be correct, as perhaps we must for the purposes of this appeal (Tappan v. Butler, 7 Bosw., 487; Bunten v. The Orient Mut. Ins. Co., 4 Bosw., 255), but without' expressing any opinion as to its accuracy, it is quite clear on *373 this assumption that the newly-discovered, evidence is material. Evidence of the plaintiff’s declarations that he knew when he received the check, that it “ was a loaned check, without any consideration being paid to the said Sears for it,” would naturally lead the jury to believe Mr. Sears’ statement as to the origin of the check, and the use it was to serve; as his testimony was in no way impaired, except by the contradiction by the plaintiff, in testifying what took place between him and Mr. Sears before the original check was accepted by the plaintiff. The defendant explicitly denied that he knew or conversed with the plaintiff before he received the original check. But for the testimony given by the plaintiff, as to an interview between himself and the defendant before the plaintiff received the original check,— to the effect that Sears told him “ he had collateral security with which he could pay by twenty-four hours’ notice, and he would,”— the defendant, under the charge made, for aught we can perceive, should have had a verdict in his favor.
Proof, by the testimony of these persons, that the plaintiff knew, or had notice when he took the original check, that it was made on that consideration, and as a memorandum check and not to be paid or demanded until White put Sears in funds to pay with, would be proof of facts, which with Sears’ testi mony as to the origin of the check, if unimpeached, would entitle him to a verdict. The circumstance that proof of such facts would tend to discredit the plaintiff, does not convert the evidence into mere impeaching evidence. It is nevertheless, as truly, direct and pertinent evidence to the merits, as if the plaintiff had not testified to any conversation between himself and Sears before taking the original check. ■ '
Declarations of the plaintiff that he knew the check was so made and was to be so used, is competent evidence'to establish the same facts, and is none the less evidence in chief, because it may also tend to impeach.
It is not cumulative merély. The defendant did not offer any evidence, nor testify himself, either as to any declarations of the plaintiff to Parsons on the subject, nor as to any notice to or knowledge of the plaintiff, at the time he took the original check, as to its origin and the use to be made of it, except in so far as the alleged conversation, prior to giving the secured check, would tend to show he had such knowledge. The plaintiff denies that any such conversation took place.,.
*374 The newly discovered evidence is direct and independent testimony tending to show notice to the plaintiff of facts, which if communicated and existing, might prevent his recovering ; it is not to a point, upon which any testimony was directly given or offered by the defendant at the trial. If his testimony has any claims to fairness, it is to a matter which he had no right to expect would be material. Row if the check was made as he swears it was, and was transferred as collateral to a precedent debt, there could be no recovery.
And if it be true, as the plaintiff swears, that he paid twelve thousand dollars cash for the check, he will of course recover if he took it in good faith, and without notice that it was fraudulently diverted from the purpose for which it was made. But if he had the notice which Parsons’ affidavit tends to show he had, he may not be able to recover.
What Mr. Parsons’ testimony may be we can only infer from his affidavit: we understand it to import the making of a declaration to him, by the plaintiff, that he knew, when he took the original check,' what he represents the plaintiff to have stated that he knew.
Simons v. Hay (1 E. D. Smith, 107), and the cases there cited, show that the newly discovered evidence, cannot be regarded as merely cumulative, or impeaching testimony.
The order should be affirmed.

Present, Bosworth, Ch. J., and Moncrief, and White, JJ.