## HOLMES and others *vs.* CLARK and others.

A conveyance made to children, for love and affection, is not fraudulent or void against subsequent creditors if, at the time of the conveyance, the grantor had sufficient property, otherwise, to pay then subsisting debts.

Such a conveyance would be void as to existing creditors at the date of the conveyance, if their debts were not otherwise paid.

It is not necessary that the grantee should be a participator in the fraud, to avoid the deed. Though he may have received the conveyance honestly, and in ignorance of the fraud, the conveyance may be void.

If the grantee, without knowledge of the intended fraud, becomes the purchaser for value, he should be protected, although the grantor acted from fraudulent motives.

A grant made without other consideration than love and affection cannot be set aside in favor of creditors not being such until two years after the conveyance; unless the transaction was fraudulent as between the parties, and made to defraud subsequent creditors.

Where the facts, as stated in the plaintiffs' opening, were that the conveyance sought to be set aside was made · by the grantor, to her infant children, in 1861; that A. and M. were creditors of the grantor, at the time of the conveyance, and as such had obtained a judgment declaring the conveyance void as to them; that the indebtedness of the grantor, to the plaintiff, did not exist until the close of 1863; and there was no allegation of insolvency, other than as to A. and M., and none that it continued until the debt to the plaintiffs was contracted; *Held* that the judge properly dismissed the complaint.

*Held, also,* that the plaintiffs should have shown either that their claim was for a subsisting indebtedness, or that the conveyance was made with intent to defraud subsequent creditors, which was to be inferred from the proof of fraudulent intent on the part of the grantees as well as of the grantors.

APPEAL from a judgment ordered at the circuit, dismissing the complaint. The action was brought to set aside a conveyance as fraudulent.

INGRAHAM, J. My conclusions upon this case are :

1st. That a conveyance made to children for love and affection, is not fraudulent or void against subsequent creditors, if at the time of the conveyance the grantor had sufficient property otherwise to pay then subsisting debts.

2d. That such conveyance would be void as to existing

creditors at the date of the conveyance, if their debts were not otherwise paid. (*Harlem R. R. Company* v. *Kyle,* 5 *Bosw.* 587.)

3d. That it is not necessary that the grantee should be a participator in the fraud, to avoid the deed. He may have received the conveyance honestly, and ignorant of the fraud, and yet the conveyance might be void.

4th. If the grantee, without knowledge of the intended fraud, becomes the purchaser for value, he should be protected, although the grantor acted from fraudulent motives.

5th. That a grant made without other consideration than love and affection, cannot be set aside in favor of creditors, not being such until two years after the conveyance, unless the transaction was fraudulent as between the parties, and made to defraud subsequent creditors. (*Tappan* v. *Butler,* 7 *Bosw.* 480. *Seward* v. *Jackson,* 8 *Cowen,* 406. *Carpenter* v. *Roe,* 10 *N. Y. Rep.* 227. *Van Wyck* v. *Seward,* opinion of *Maison,* 18 *Wend.* 406.)

The facts, as stated in the plaintiff's opening, are that the conveyance was made by the grantor to her infant children in 1861. That Aitken & Miller were creditors of the grantor at the time of the conveyance, and as such had obtained a judgment declaring the conveyance void as to them. That the indebtedness of the grantor to the plaintiff did not exist until the close of 1863, for which judgment had been obtained. There was no allegation of insolvency, other than as to Aitken & Miller, and none that it continued until the debt to the plaintiffs was contracted. (*Savage* v. *Murphy,* 34 *N. Y. Rep.* 508.)

On these facts, as stated in the opening, the judge dismissed the complaint. I think his ruling was correct, and should be affirmed. The plaintiffs should have shown either that the plaintiffs' claim was for a subsisting indebtedness, or that the conveyance was made with intent to defraud subsequent creditors, which is to be inferred from the proof of

fraudulent intent on the part of the grantees as well as of the grantors.

The judgment should be affirmed.

CLERKE, J. concurred.

LEONARD, J. In this case the complaint was dimissed on the opening statement of the plaintiffs' counsel, without evidence having been taken.

The complaint alleges that the judgment debtor was insolvent at the time of the conveyance to her children in 1861. The answer denies it, and alleges that she had a large surplus beyond the amount, sufficient for the payment of existing creditors. The plaintiff did not become a creditor until two years after this conveyance. The judge, at special term, has not found the facts on this issue, and it does not appear from the case how the fact was.

As I understand the rule, a conveyance is not necessarily to be held fraudulent as to subsequent creditors, unless the grantor was embarrassed by debts which she had not the means of paying. If the grantor was insolvent, and the conveyance has been declared void as to existing creditors, then the equity is considered as extending to subsequent creditors, who are then let in to obtain satisfaction out of the proceeds of the property sold to satisfy the demands of creditors existing at the time of the conveyance.

A gift to children, as in the present case, may be free from an intent to hinder or delay subsequent creditors, when the grantor was the owner of sufficient property to pay existing debts, and show a considerable surplus.

I think the judge was clearly wrong, however, in dismissing the complaint upon the abstract ground that the deed could not be void where the grantees did not commit a fraud in accepting it, and were ignorant of the fraudulent intent of the grantors. It will be void or valid according to the facts;

but there is no evidence affecting the question here, so as to render the deed clearly valid, as held by the judge. (1 *Story's Eq.* §§ 361, 2. *Reade* v. *Livingston*, 3 *John. Ch.* 481.)

There was no occasion to make Aitken & Miller parties to the action.

The judgment should be affirmed as to them, with costs, but reversed as to the other defendants, and a new trial be ordered, with costs to abide the event.

Judgment affirmed.

[NEW YORK GENERAL TERM, January 7, 1867. *Leonard, Clerke* and *Ingraham,* Justices.]