ZIMMERMAN V. SCHŒNFELDT.

*Tenancy by the curtesy — not abrogated by statutes relating to married women. Trial — submission of question of fact to jury — practice at. Infancy — married infant female cannot devise real estate. Fraudulent conveyance — who cannot attack. Parties — who not necessary — waiver of objection to. Evidence — memoranda.*

The statutes relating to married women have not changed the common-law rule as to tenancy by the curtesy in lands seized by the wife at her death, and not devised by her.

At a trial of an action, for the purpose of removing a cloud from the title to real estate, a submission was made to the jury of a single question, which was the only one in dispute, without objection from defendant. *Held*, (1) that defendant was bound by his assent, and could not claim such course to be error, and (2) that the court under the Code had the right to thus submit a disputed question of fact.

The provision of Laws 1848, chap. 200, amended by the Laws 1849, chap. 375, that " any married female may take * * * and convey and devise real and personal property," does not authorize a married female infant to devise real estate.

The wife of L. died, seized of real estate. After her death, L. claiming to own the fee to such estate, but having title only as tenant by the curtesy, conveyed to defendant. *Held*, that the defendant could not set up against the heir at law of the wife, that the real estate was purchased with the money of L., his wife taking title in fraud of his creditors.

In an action by the heir at law, to have defendant's claim of ownership of the fee declared invalid as a cloud on the title, *held*, (1) that L. was not a necessary party, and (2) if he was, the question of defect of parties could only be raised by demurrer.

A witness *held* entitled to refresh his memory by reference to memoranda.

APPEAL by defendant from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought by Anna Mary Zimmerman, by her guardian *ad litem*, against John S. Schœnfeldt, to establish plaintiff's title to certain real estate.

The complaint set forth that the mother of the plaintiff was, at and previous to her death, seized of the premises in question, which were of the value of $8,000 ; that said mother departed this life June 25, 1864, leaving the plaintiff her sole surviving daughter and sole heir at law, who thereupon became the owner in fee-simple of the premises in question ; that on the 22d day of September, 1866,

the defendant entered upon said premises, and unlawfully with-
holds possession thereof from the plaintiff; that the mother of the
plaintiff, at the time of her decease, was an infant, and that defend-
ant claims under a pretended will of said mother, which was made
by her when an infant, and is null and void. The plaintiff demanded
judgment for $8,000, and for an accounting of the mesne profits of
said real estate; that the title to the same in fee-simple may be
adjudged to be in the plaintiff; that the defendant deliver up
possession thereof, and that plaintiff may have such other relief as
may be just. The answer denied, among other things, that said
mother was an infant at her decease, and set up title in the defend-
ant, through a conveyance from Leo Zimmerman, who was the
devisee thereof, under the last will and testament of said mother.

The court at special term ordered judgment, declaring the will
of said mother inoperative and void, and that the fee of said real
estate was in plaintiff. The question of the life estate of Leo Zim-
merman was not before the court, and was not passed upon. Such
other facts as are material appear in the opinion.

*William Henry Anthon,* for appellant.

*James Ferguson* and *Wm. W. Niles,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

BRADY, J. It may be said that the complaint in this action
was in the language of its prayer one in ejectment. It was tried as
an equity cause; as one brought to remove a cloud from the plain-
tiff's title. One question only was submitted to the jury. There
was apparently no dispute about the other facts on which the plain-
tiff relied. It is also apparent that no valid objection, if any, was
taken to the course adopted by the presiding judge. The plaintiff
claimed the fee of the premises mentioned as the heir at law of her
mother, Anna M. Zimmerman, who died while under the age of
twenty-one years. The defendant claimed the fee under a deed
executed by Leo Zimmerman and wife. Zimmerman derived
his title from the will of his former wife, the plaintiff's mother, by
which he was made sole devisee. The action of ejectment could
not be maintained, because the defendant's grantor was tenant by
the curtesy, and entitled to the rents, issues and profits of the
land during his life. The enabling act, in reference to married

women, passed in 1848, and the amendments thereto, in 1849, have not changed the rule of the common law in this respect. *Matter of Winne,* 2 Lans. 21; *Ransom* v. *Nichols,* 22 N. Y. 110; *Barnes* v. *Underwood,* 47 id. 351; *Hatfield* v. *Sneden,* 54 N. Y. 280. It was doubtless for this reason that the trial was conducted in the manner assumed at the circuit.

It was claimed upon the argument of the appeal that the defendant and his counsel regarded the action as one in ejectment. The plaintiff and her counsel insisted that it had not been so regarded by them, and had not, in that aspect, been presented for consideration; that it was brought and prosecuted for the sole purpose of removing a cloud upon the plaintiff's title, and had been tried on that theory. The presiding judge in his charge, and before submitting the issue to the jury upon which they were to pass, said: "Independently of this will itself, the husband, during his life, is tenant by the curtesy, and would have the right to the possession of the property," and this plainly indicated to the defendant's counsel what must follow.

The issue submitted was as follows: "Was Anna Mary Zimmerman, the mother of the plaintiff, twenty-one years of age at the time of her death?" and to that disposition of the case no objection was made. The counsel for the defendant excepted generally to the charge, and specially to a part of it in reference to the testimony of one of the witnesses which bore upon the age of the decedent. The defendant's counsel also made a request to the court to charge, but it did not relate to the form of the submission of the case to the jury. The defendant cannot now avail himself of the informality, if one occurred. He assented to the issue which was submitted to the jury for their determination, and is bound by it.

The case of *Carr* v. *Carr,* 52 N. Y. 252, is analogous to this case. The action was brought to recover possession of a house. The defense was that the deed under which the plaintiff claimed was taken by him simply as security for a loan of money to the defendant's deceased husband. At the close of the trial at circuit, before a jury, and after a request to charge by the plaintiff had been refused, and exception taken, the court proposed to counsel that the jury be instructed to find upon particular questions of fact to be stated in writing, and that, after verdict on such questions, the cause should be decided by the court. The counsel consented, and

the court thereupon submitted the questions intended. The points taken, among others, were that a special verdict must present all the facts necessary to require, in law, a judgment, and that the verdict rendered on the question must be treated as a special verdict or as a mis-trial. The trial was pronounced by the Court of Appeals one, in substance, without a jury, and a decision upon the whole evidence with the aid of the finding of the jury upon the two questions of fact, and the verdict and judgment were sustained, although the record did not disclose what other facts were found by the court, or what legal effect, if any, was given to the facts found by the jury.

In this case, as suggested, the proceedings were, in substance and effect, the same. The jury found the only disputed fact of any importance, and the court pronounced judgment upon their finding. Indeed, the right of the plaintiff to be relieved from the deed held by the defendant was clear, as we shall see, if the testatrix under whom defendant's grantor claimed was incapable of making a will. The assent of the defendant to the submission of the question passed upon by the jury was equivalent to a consent thereto, and particularly must this be the case when the defendant did not ask that any other question should be considered by the jury. This case differs, however, from the one cited in this respect, namely, that all the facts appear in the record, and the judgment rendered is thoroughly understood.

Secondly. Aside from this contract, there can be no doubt of the right of the court, under the Code, when the cause is called for trial, to order questions to be tried by the jury if it is apparent that their determination will depend upon conflicting evidence. *O'Brien* v. *Bowes,* 4 Bosw. 657, and cases cited. See, also, *Brinkley* v. *Brinkley,* 2 N. Y. Sup. 501. There is no doubt either, that if such be the better mode of disposing of the controversy, it may be adopted during the trial. *Church* v. *Freeman,* 16 How. 294. "I suppose it is right," said Justice HARRIS, "in that case, to have the aid of the jury upon the trial in every case embraced in the 254th section of the Code; and to submit to its determination as many or as few questions of fact, presented by the pleadings, as it may deem expedient. I have, in repeated instances, availed myself of this power at the circuit."

The complaint, notwithstanding that in some respects it may have been in form, in ejectment, averred all the facts necessary

to authorize the equitable relief granted by the judgment. It alleged that the defendant claimed under a pretended will of Anna Mary Zimmerman, and that she was an infant, under twenty-one years, incapable of devising real estate. If this was the true source of the defendant's title, as it was shown to be, then the deed under which he claimed was a cloud, and should be removed. The defendant was, by the allegations mentioned, advised of the precise nature of the plaintiff's claim, and cannot be regarded as having been surprised at the mode in which the issue was disposed of.

It appears for these reasons that there was no mis-trial, and that what was done at the circuit was legally and properly done in the respects named. The respective motions of the defendant's counsel for a dismissal of the complaint were properly denied; sufficient proof had been given to authorize the submission of the question entertained by the court to the jury, and on the counsel's opening of the plaintiff's case, the facts stated were quite sufficient to demand the continuance of the action, containing, as it did, a statement of the facts upon which she relied for relief.

These views dispose of the question in relation to the form of the trial. The act of 1848, chapter 200, amended in 1849, chapter 375, provides that "any married female may take, by inheritance, or by gift, grant, devise or bequest from any person other than her husband, and hold to her sole and separate use, and convey and devise real and personal property and any interest or estate therein, and the rents, issues and profits thereof, in the same manner, and with the like effect, as if she were unmarried." It is contended that the word "any" qualifies this entire provision, and makes marriage the important requirement without consideration of age other than the legal age of marriage. This is, however, an erroneous view of the laws in question. The only power to devise real property given by the acts mentioned, to married females, is like that which they could exercise if unmarried. They may devise their real estate in the same manner, and with the like effect, as if unmarried. Such is the qualification, such the limit. They were, by this legislation, relieved from a disability created by marriage, and gifted with the same right in the respect named, as other persons in reference to the age at which they might act. It was not intended to give them any greater power. Unmarried, they had no power to make a testamentary disposition of their real estate *while infants.* The statute is express upon this subject, and relates to both sexes : " All persons, except

idiots, persons of unsound mind, married women and infants, may devise their real estate." 2 R. S. 57, § 1. The act of 1849, *supra*, repeats the prohibition against married women, contained in the Revised Statutes, it is true, but that against infants is not affected. See *Warham* v. *American Home Miss. Soc.*, 12 N. Y. 240. Anna Mary Zimmerman, therefore, had no power to make a valid will.

It was also suggested on the trial, that Leo Zimmerman, the executor of the last will and testament of Anna M. Zimmerman, should have been made a party to the action, but this proposition was not sound. He was devisee, and executor under the will. He had conveyed all his interest acquired by the will, and as to the realty was estopped by his grant. He had nothing to reserve — no further interest. He not only aliened his interest, but he was a witness on the trial, and as the father of the plaintiff, gave evidence on her behalf.

The objection stated was waived however. A defect of parties apparent on the face of the complaint must be presented by demurrer, or it is waived. Code, §§ 144, 147, 148; *Fisher* v. *Hall*, 41 N. Y. 416; see collection of authorities, Wait's Code, 240.

None of the exceptions taken, therefore, seem to be available. Those already considered were valueless, and those that remain are equally so. The right of a witness to consult a paper to refresh his memory cannot be questioned, nor his competency to testify to the fact recorded by it, if he have a recollection of it independently of the paper. The memorandum is only auxiliary and not necessarily a part of the evidence. *Cole* v. *Jessup*, 10 N. Y. 96; *Russell* v. *Hud. River R. R. Co.*, 17 id. 134; *Huff* v. *Bennett*, 6 id. 337. Such was the character of the evidence of John Peter, the father of the decedent, Mrs. Zimmerman, and the objections to its reception and value were untenable.

The proposition that the defendant could avail himself of the fact that the property in question was purchased by the money of his grantor, Leo Zimmerman, and should, therefore, be held to have passed to him by virtue of the deed of the latter, cannot be maintained. The conveyance to the wife is not condemned by law in the absence of proof of fraudulent design, and is valid against all persons, except creditors existing at the time of the conveyance, whose demands have not been paid. The defendant is not a creditor of such standing. *Tappan* v. *Butler*, 7 Bosw. 480; *Holmes* v.

*Clark,* 48 Barb. 237; *Wilbur* v. *Fradenburgh,* 52 id. 474; *Phelps* v. *Wait,* 30 N. Y. 78; *Seward* v. *Jackson,* 8 Cow. 406.

These are the only questions which we consider it necessary to pass upon in detail. The principles here enunciated cover those remaining, which are, therefore, declared to be untenable. No question was raised upon the argument about the form of the decree.

We think the judgment should be affirmed, with costs.

*Judgment affirmed.*