# SUPREME COURT.

EDGAR SMART and another agt. STATE S. HARRING and others.

### *Fraudulent conveyance.*

Where a debtor, with the intent on his part of defrauding his creditors, executes a conveyance of his property to his wife, without any valuable consideration being paid by the grantee, the conveyance will be set aside as fraudulent as against such creditors.

And this is so, although the wife received the conveyance without knowledge of such fraudulent intention on the part of the husband.

Where the evidence showed that the wife parted with nothing of value, save the effect which the giving of a certain mortgage, which she executed in conjunction with her husband, might have upon her dower interest in the property, provided she survived her husband:

*Held,* that the facts did not establish a valuable and adequate consideration, legal or equitable, in favor of the wife, so as to present a case which would entitle her to protection, although the jury found that she had no knowledge of her husband's fraudulent intent.

*Rensselaer Circuit and Special Term, February,* 1877.

MOTION to set aside a conveyance as fraudulent.

The plaintiffs, as copartners in the gas-fitting and plumbing business in Troy, on the 19th day of December, 1874, recovered a judgment against the defendant, State S. Harring, for the sum of $351.71, upon a note given for work, labor and services performed, and materials furnished by them, in fitting out the defendant Harring's boat, to be propelled by steam. The most of the work was done, and the materials were furnished by the plaintiffs prior to the 31st day of July, 1874, although the said note was not dated or given until August 18, 1874.

On the 31st day of July, 1874, the said defendant Harring

was the owner of a house and lot on North Third street, in the city of Troy, of the value of $10,000, subject to incumbrances to the amount of $5,800, being two mortgages, viz., one for $1,800, and the other for $4,000. On the said thirty-first of July, said Harring conveyed to George S. Dexter, by deed dated July 1st, 1874, the said real estate, and said Dexter conveyed the same on the same day to Anna M. Harring, the wife of State S. Harring.

The defendant Anna M. Harring defended upon the ground that the conveyance was made to her pursuant to an understanding and agreement between herself and her husband prior to the giving of the $4,000 mortgage upon the premises, that if she would join with him in the execution of the mortgage, which was to be executed for the purpose of raising money for the husband to put into the boat before mentioned, he (Harring) would thereafter convey to her all the rest of his title in the real estate. This inchoate right of dower in the $4,000 mortgage was all the consideration which was sought to be proven on the part of the wife for the conveyances aforesaid.

Upon the trial these two questions were put to the jury by the court, viz.:

1. Was the conveyance to Anna M. Harring made with intent, by State S. Harring, to hinder, delay or defraud the creditors of State S. Harring?

To which the jury answered, "yes."

2. Did Anna M. Harring receive the said conveyance with knowledge of such intent on the part of said State S. Harring?

To which the jury answered, "no."

*L. W. Rhodes*, for plaintiff.

*H. A. Merritt*, for defendants.

INGALLS, *J.*— The jury has found that the conveyance by Harring to his wife was made with intent on his part to

hinder, delay and defraud his creditors, and that his wife received such conveyance without knowledge of such fraudulent intention on the part of her husband. The evidence shows that the wife parted with nothing of value, save the effect which the giving of the mortgage, which she executed in conjunction with her husband, might have upon her dower interest in the property, provided she survived her husband. The improvements upon the land were made with money furnished by the husband. Under the circumstances of the case, I do not think her want of knowledge of her husband's fraudulent intent to defraud his creditors is sufficient to place the property beyond the reach of the creditor whose debt had, in part at least, accrued when the conveyance was executed (*Mohawk Bank* agt. *Atwater*, 2 *Paige*, 59). In that case the chancellor remarks : " If the father committed a fraud upon his creditors by giving away property which should have been reserved for them, the grantee, without valuable considertion, cannot be protected, although he was not privy to the fraud " (*See, also, Holmes* agt. *Clark*, 48 *Barb.*, 237 ; *Case* agt. *Phelps*, 39 *N. Y.*, 164 ; *Savage* agt. *Murphy*, 34 *id.*, 508 ; *Carpenter* agt. *Roe*, 10 *id.*, 228). A voluntary conveyance can be sustained upon the ground that the grantor has reserved property sufficient to pay his debts, only in a case where the conveyance is in good faith, and without intent to defraud creditors (*Fox* agt. *Moyer*, 54 *N. Y.*, 126 ; *Pendleton* agt. *Hughes*, 65 *Barb.*, 136).

I am aware that it has been held that a voluntary conveyance by husband to wife is not necessarily or presumptively fraudulent as against creditors, and that the want of consideration is but a circumstance to be considered, with all the other facts, in determining whether the conveyance should be pronounced fraudulent (*Holen* agt. *Burnham*, 63 *N. Y.*, 74).

The fact standing alone that the conveyance was voluntary, without any other circumstances, would not be sufficient to justify declaring it fraudulent as against creditors. A fraudulent intent must be shown, and that must be established as a

question of fact, and the want of consideration is an ingre-
dient (*Babcock* agt. *Eckler*, 24 *N. Y.*, 632).

In the case above cited (*Holden* agt. *Burnham*), the learned
judge remarks: " The action is founded upon the allegation
that the conveyance by Mr. Burnham was made with intent
to hinder, delay and defraud his creditors; there is no finding
upon this question, or any request to find upon it."

In the case we are considering, the fraud of the husband
is found by the jury, and the facts are such that his wife can-
not be exempted from the consequence of such fraud.   If the
facts established a valuable and adequate consideration, legal
or equitable, in favor of the wife, a case would be presented
which would entitle her to protection, the jury having found
that she had no knowlenge of her husband's fraudulent
intent.   But, upon the facts established, the plaintiffs are
entitled to a preference, and judgment must be entered
accordingly, with costs.