JAMES W. SAVAGE, Receiver, &c., Respondent, *v.* GEORGE MURPHY and others, Appellants.

Where a debtor transferred, for a nominal consideration, his real estate to his wife and children, yet continued in possession of the same without any apparent change of ownership, and continued in business, paying past indebtedness by obtaining new credit and contracting new debts until he fails in business, such transfer will be deemed fraudulent and void as to subsequent creditors.

In such case, the fraud consists in a design to obtain a credit by means of continued possession and apparent ownership, after attempting to place the legal title of his property beyond the reach of his creditors.

The fact that he paid up all indebtedness existing at the time of the transfer, by means of credits obtained afterward, is only a transfer, and not a payment of the then existing indebtedness.

THIS action was brought in the Superior Court of the city of New York, by a receiver, appointed in proceedings supplementary to execution, to set aside conveyances of real estate, and an assignment of a lease of real estate, in said city, made by the defendant, George Murphy, the judgment debtor, to the defendants, Mary Murphy, his wife, Edward Murphy, his son, and Ann Maria Murphy, his daughter, as fraudulent and void, on the ground that they were made by the debtor with intent to defraud his creditors. The cause was tried by the court, without a jury. The court found the following facts:

That, on and prior to the 9th August, 1856, George Murphy owned and was in possession of the real estate described in the complaint, of the value of from two to four thousand dollars, and that it constituted all his property; that on that day he conveyed his interest in said real estate, in parcels, by separate conveyances, to the other defendants; that the consideration expressed in each of said conveyances was one dollar, and there was, in fact, no other; that, at the time of the conveyances, the grantor was indebted for credit obtained in his business; that he was indebted to Philip Carey in the sum of $1,327, for cattle purchased of him three days previously, on credit; that he continued in business, paying past indebtedness by obtaining credit and contracting a new

indebtedness weekly, till June, 1857, when he failed, owing at least $3,766, which remains unpaid; that he resided and carried on business on a portion of the property conveyed; that he continued in the possession, apparent ownership and enjoyment of the property, from the date of the conveyances till his failure, and during that time there was no change in the possession; that the judgments mentioned were recovered for debts contracted by him, in his business, on the 27th May, 1857, and about that time, on the credit of his being the owner of said property; that the conveyances were made by him with a view to a continued and future indebtedness, in his business, and with intent to avoid payment thereof, and to defraud his creditors, and particularly the creditors on whose claims the judgments were recovered. The court also decided, as matter of law, that the conveyances were void as against the judgment creditors mentioned in the complaint. Judgment was ordered accordingly, and affirmed at General Term. From the judgment of affirmance the defendants now appeal.

*John Thompson*, for the appellants.

*E. N. Taft*, for the respondent.

SMITH, J. The case, upon the facts found, is briefly this: The judgment debtor, being engaged in an extensive business in the city of New York, on credit, in which he was considerably indebted, stripped himself of the title to all his property, by transfer, to his wife and children, for a merely nominal pecuniary consideration, without any visible change of possession, and with the intent to contract and continue a future indebtedness in his business, on the credit of his apparent ownership of the property transferred, and to avoid payment of his debts. After the transfers, he continued in business, making new purchases on credit, and using part of the avails of each successive purchase to pay the indebtedness then existing, during about ten months, at the end of which time he failed, owing debts, thus contracted, amounting to more than $3,450 — among which were the debts for

which judgments were recovered, as alleged in the complaint. Upon these facts, it is clear that the transfers thus made were fraudulent and void as against *subsequent* creditors. The fraud consisted in the design to obtain a credit *thereafter*, by means of his continued possession and apparent ownership of the property which he thus placed beyond the reach of those who should give him such future credit; and, consequently, the conclusion of fraud is not repelled by the circumstance that the debts owing by him at the time of the transfers were paid with the proceeds of credit subsequently acquired by the means above stated. The indebtedness then existing was merely transferred, not paid, and the fraud is as palpable as it would be if the debts now unpaid were owing to the same creditors who held them at the time of the transfers.

As the evidence in the case fully supports each of the findings above referred to, they are conclusive. The judgment must, therefore, be affirmed, unless there is merit in the exception taken by the defendants' counsel to the admission of the testimony of the witness Budlong as to declarations made by the grantor, respecting the conveyances subsequently to their execution. The testimony was offered for the purpose of contradicting Murphy, the grantor, who had been previously examined, and whose attention had been called to this statement to Budlong. It was properly admitted for that purpose.

The appellant's counsel argues, however, that, although admissible to contradict, it was improperly treated by the court as evidence in chief, and as tending to show a fraudulent intent. This claim is based upon an expression used in the opinion of the judge who tried the cause. The opinion is very far from showing clearly that the judge so treated the testimony; but, if it did show it, the point would be unavailing. The only question raised by the exception is as to the admissibility of the testimony; and there being other testimony in the case sufficient to uphold the conclusions of the trial judge on all points, no error is shown.

The judgment should be affirmed.

Judgment affirmed