# SUPREME COURT.

JAMES A. SEAMAN, as receiver, agt. JAMES E. WALL and
ABBIE M. WALL.

*Husband and wife — deed to married woman — consideration — creditors of husband — uses and trusts.*

Where a conveyance of real property was made to a married woman by the direction of her husband, he being at the time dangerously ill and not expected to recover, in order to provide a home for his wife and children, the consideration paid for the same being the earnings of a business in which the husband, aided by his wife, had been for many years engaged, the wife having personally saved and accumulated earnings and placed them in savings banks, some in her own and some in her husband's name, and a part in their joint names, it not appearing that the husband was in debt at the time,

*Held*, that the title of the wife was not fraudulent and void within the cases of *Savage* agt. *Murphy* (34 *N. Y.*, 508) and *Case* agt *Phelps* (39 *id.*, 164).

Also, that a creditor of the husband, whose claim arose after the transaction, could have no redress under sections 51, 52, part 2, title 2, article 2 of the Revised Statutes concerning uses and trusts.

Also the fact that a misunderstanding has arisen between the husband and wife and he takes an interest in the creditor's recovery, cannot change or affect the character of the original transaction.

*Special Term, March* 1877:

*C. & N. D. Lawton*, for plaintiff.

*Dennis Quinn*, for defendant Abbie M. Wall.

VAN VORST, *J.* — The facts justify the conclusion that the title to the premises on Carmine street was taken in the name

of the defendant Abbie M. Wall with the knowledge of her husband the defendant James E. Wall, and by his express direction.

The husband, at the time the deed was taken, was seriously ill and not expected to recover.

The conveyance was taken in her name in order to provide a home for herself and children.

The consideration paid, over $6,000, was principally the earnings of the fish business, in which her husband had been for several years engaged, his wife having personally aided in the conduct of the business and in saving and accumulating the earnings.

The money was principally in banks for savings and stood part in the name of the husband, a considerable portion in the name of the wife, and the residue in the name of husband and wife.

Some portion of it was money given to the wife by her husband and which she had saved.

The money was drawn from the banks and with other funds raised for the purpose, the consideration was paid, the transaction being closed by the wife with the lawyer and parties.

There was no intention to defraud the creditors of the defendant Wall in having the conveyance made to the wife. It does not appear that the husband was in debt at the time.

The Carmine street property was afterwards improved at considerable expense, the money being borrowed for this purpose by a mortgage on the property, executed by the wife.

Afterwards, and in the year 1874, the Carmine street property was exchanged for the Crosby street property, the husband joining with the wife in the conveyance, and the title to the Crosby street property was taken in the name of the wife.

The present claim of the creditors of the defendant James E. Wall arose during the year 1875.

The plaintiff, who represents the creditors Rogers and Sherman, can have no redress under sections 51 and 52, part

2, title 2, article 2 of the Revised Statutes concerning uses and trusts, for the reason that they were not creditors of the husband at the time the consideration for the Carmine street property was paid.

Should it be conceded, which is not strictly true, that all the consideration on the original purchase proceeded from the husband, and should the conveyance for that reason be presumed to be fraudulent, it is only so as to creditors *at the time.*

Mrs. Wall has testified, and it is not denied, that she told one of the creditors, before the present debt was contracted, that she owned the property ; that the title stood in her name was a matter of public record, and open to the observation of any person dealing with her husband.

I cannot think that the title of the defendant Abbie M. Wall should be adjudged to be fraudulent and void, as is claimed by the plaintiff, within the cases of *Savage* agt. *Murphy* (34 *N. Y.*, 508); *Case* agt. *Phelps* (39 *id.*, 164), or the other cases cited by him. This case is clearly distinguished from those cited.

The husband was not indebted at the time the conveyance was taken ; it was not so taken to avoid the hazards of business as he then expected to die, and, besides, the consideration paid represented in part the earnings and savings of the wife.

It turns out, under the evidence, that an unfortunate difficulty has arisen disturbing the domestic relation of husband and wife, and which has led to a separation between them. The husband has been examined as a witness in behalf of the plaintiff, and from his manner and method indicates an interest in the plaintiff's success in this action. But the facts of this case are substantially as above suggested. The present attitude of the husband cannot change the character of the original transaction, and his present grievance, if any, cannot be adjusted through this action or its result.

The complaint should be dismissed, but without costs.