JOHN MARTIN AND PATRICK REYNOLDS, APPELLANTS, *v.*
JAMES W. WALKER AND FANNY, HIS WIFE, RESPONDENTS.

*Fraudulent conveyance — who may set aside — right of surety.*

On the 4th day of May, 1867, the defendant James Walker conveyéd certain real estate to one W., who conveyed it to Walker's wife on the same day. There was no consideration for the conveyance, and Walker had no other property than that so conveyed. At that time there was an action pending against him for an assault and battery, in which, subsequently, and on the twenty-seventh of that month, a judgment for $498.78 was recovered. Thereafter a fine of the amount of the judgment, and $250 counsel fee, was imposed upon Walker for disobeying an order issued in supplementary proceedings instituted upon such judgment.

The plaintiffs herein became sureties upon an undertaking given to stay proceedings upon an appeal taken by Walker, from such order, were subsequently sued thereon, and compelled to pay the amount of the judgment and fine. Subsequently, they recovered judgment for such amount against Walker, and an execution issued thereon was returned unsatisfied. In this action, brought by them to set aside the conveyance, *held*,

That the conveyance was void, as to the judgment creditor, in the action for assault and battery, even though at the time it was made the amount of his claim was not defined.

That plaintiffs were entitled to be subrogated to all the rights and remedies of the original judgment creditor, and could maintain this action.

*Held*, further, that the fact that Walker had told one or both of them of the fraud he had committed at the time they became his sureties, did not affect their right so to do.

*Semble*, that W. was a proper party defendant to this action.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was brought for the purpose of having certain real estate conveyed by the defendant James W. Walker to his wife declared subject to the lien of a judgment recovered against said James W.

On May 4, 1867, the defendant James W. Walker was seized of certain real estate. On that day he conveyed it to one John Williamson, who, on the same day, conveyed the property to the defendant Fanny Walker, the wife of James W. There was no consideration for the conveyance, and James W. Walker appears to have had no other property than that so conveyed.

On May 4, 1867, an action to recover damages for an alleged assault and battery, brought by one Morrow, was pending against said James W. Walker; in which action a judgment was recovered for $498.78, on May 27, 1867. On this judgment supplementary proceedings were instituted, in which, for an alleged disobedience of an order, a fine was imposed upon said James W. Walker, of the amount of the judgment, and a $250 counsel fee in addition.

On appeal from such order, the plaintiffs in this action became sureties on an undertaking given to stay proceedings thereon.

The order was affirmed and a judgment recovered against these plaintiffs as sureties upon the undertaking. These plaintiffs thereupon sued the defendant James W. Walker, recovered judgment against him, and on return unsatisfied of an execution issued on such judgment, commenced this action.

*C. Bainbridge Smith*, for the appellants. A plaintiff in an action of tort is within the provisions of the statute declaring conveyances to defraud creditors void. (*Jackson* v. *Myers*, 18 Johns., 425; *Wilcox* v. *Fitch*, 20 id., 472; *Ford* v. *Johnston*, 7 Hun., 563; *S. P. Pendleton* v. *Hughes*, 65 Barb., 136.) If the conveyance of Walker was made with the intent to defraud John J. Morrow, it is fraudulent as to the plaintiffs; for it is a well settled principle of law that a conveyance made with such fraudulent intent is void, not only as to existing, but subsequent, creditors; and, consequently, the court erred in declining to pass upon the fraudulent intent of the defendant. (1 Story's Eq. Jur., § 360; *King* v. *Wilcox*, 11 Paige, 589; *Jenks* v. *Alexander*, id., 619; *Savage* v. *Murphy*, 34 N. Y., 508; *Case* v. *Phelps*, 39 id., 164.) The cases establish that upon the principle of subrogation, the plaintiffs stand in the same position as Morrow, with all the rights he possessed. (*Hayes* v. *Ward*, 4 Johns. Ch., 123; *Lewis* v. *Palmer*, 28 N. Y., 271; *Henckly* v. *Kretz*, 58 id., 583, 590; *Cole* v. *Malcolm*, 7 Hun, 31; overruled in the Court of Appeals, see 2 N. Y. Weekly Dig., 476.)

*A. H. Reavy*, for the respondents.

Daniels, J.:

The object sought to be attained by the prosecution of this action was the sale of real estate conveyed to the defendant Fanny Walker for the purpose of paying a judgment recovered against

her husband. The real estate was owned by the judgment debtor, who, on or about the 4th of May, 1867, conveyed it, by deed, to John Williamson, and he, on the same day, conveyed it to the debtor's wife. At the time of such conveyances an action was pending and about to be tried against the defendant James Walker for an assault and battery. And it was tried on or about the 24th of May, 1867, and a recovery had in it amounting to the sum of $498.78 damages and costs. An order was afterwards made in proceedings supplementary to execution, instituted to collect the judgment, by which the judgment debtor was fined the amount due upon it with interest thereon, and a counsel fee of $250 for a contempt arising out of his disobedience of another order that had been previously made. He took an appeal from that order and the plaintiffs became his sureties in a bond given to stay proceedings upon the order during the pendency of the appeal. That was determined adversely to the appellant, and for the non-payment of the amount directed to be paid by the order, an action was instituted upon the bond executed by the plaintiffs. That action resulted in a judgment which they paid, and they then sued their principal in the bond executed by themselves, and recovered judgment for the amount they had been obliged to pay as his sureties. After an execution had been issued, and returned unsatisfied, upon that judgment, this action was brought to set aside the deeds of the debtor's property as fraudulent against his creditors and the plaintiffs.

Upon the trial of that action, at Special Term, the complaint was dismissed because the case was not considered to have been sufficiently made out to entitle the plaintiffs to the relief sought by them.

It has been claimed that the plaintiff Reynolds was not a proper party to the action, for the reason that the other plaintiff had agreed to indemify him against liability on the bond, and had nearly, if not entirely, paid him before this action was commenced. But the evidence showed that the matter had not been all settled when this action was commenced ; and if it had been, it would not have justified a dismissal of the complaint as to the plaintiff Martin.

If all that the defendants insisted on was true upon this subject, Martin could still maintain the action for his own protection, and it would be retained for that purpose, even though properly it should be dismissed as to Reynolds.

It was also objected that Williamson, through whom the judgment debtor conveyed his property to his wife, should have been made a party to the action to set the deeds aside as fraudulent, and strictly speaking the defendants were right in that position, but the objection was not properly taken, for it appeared by the complaint that the conveyances had been made through his intervention, and that he was for that reason a proper party to the action brought to annul them. All the facts affecting him, and indicating the propriety of his being a party, appeared as fully from the complaint as from the evidence afterwards given in the case. The objection to the failure to make him a party could only be taken, therefore, by demurrer, and not having been taken in that manner it has been waived. (Code, § 144, sub 4, 147, 148; *Zabriskie* v. *Smith,* 3 Kernan, 322.)

A preceding action was commenced by the plaintiffs to set aside these deeds which appeared to have been allowed to go by default, but what afterwards became of it was not shown. And that was urged as a defense to the present suit. But that was brought by the plaintiffs, as assignees of the judgment recovered on trial of the action for the assault and battery, and before the recovery of their judgment sought to be collected in the present action. It was, therefore, a different case from that now prosecuted. And as no judgment was shown to have been recovered in the other suit, and no satisfaction obtained for any part of the plaintiffs' demand, its mere pendency was no defense in this action. It was not brought for the same cause, but only for a portion of the cause of action now prosecuted by the plaintiffs in their own right. Besides that, they did not fail in their case because of the pendency of that suit, but solely because of the fact that the evidence was not deemed to be sufficient to support their allegations of fraud, and even should the defense of another action pending in the end prove to be a more serious obstacle in the plaintiffs' way than it now appears to be, the present judgment cannot be sustained on account of such a probability, because the case was not disposed of upon that ground by the Special Term.

The deeds which were assailed by the plaintiffs as fraudulent were executed on the 4th day of May, 1867, and on the twenty fourth day of the same month the action for the assault and battery was tried, and a verdict recovered in it. The evidence showed that

the deeds from Walker, the judgment debtor, to Williamson, and from the latter to the debtor's wife, were made without any pecuniary consideration, and those facts were found to have been proven by the court before which the trial was had. It did not appear that the debtor was then under any obligation to any person other than that arising out of the assault and battery, or that he had or owned any property beyond that conveyed by these deeds. The fact that an execution issued to collect the judgment recovered for the assault and battery was returned unsatisfied, and supplementary proceedings were for that reason taken against him, sustain the conclusion indicated generally in the case, that he did have no other property. The effect of the deeds, therefore, was to give all his tangible property to his wife, and in that manner prevent the collection of the judgment soon afterwards recovered against him.

It was stated by his wife, who is one of the defendants in the suit, that she earned some of the money paid for the property, and the learned judge found that to be the fact; but the amount was not mentioned which she earned, neither was it shown to have been paid under such circumstances, or in any manner that would entitle her to maintain any claim on account of it, either against her husband or the property he held. And if it had been, that would not have protected the husband's interest in the property against the lawful claims of his own creditors. The case was not disposed of adversely to the plaintiffs, because the debtor's wife had any interest in the property which it would be inequitable to appropriate to the payment of his debts; but simply because he was not indebted at the time, and did not part with his title to defraud his creditors. That he owed no defined debt then, was true, but he had incurred an obligation by reason of his wrongful act, which in a few days afterwards matured into an actual, as well as a defined indebtedness. The judgment recovered established the fact that he was liable to recompense the party for the injury occasioned by the assault and battery at the time, as well as before the period, when the deeds were made. And to that extent the injured party was, in a general sense, his creditor, and entitled to be protected in his efforts to secure redress. He had a lawful demand, and the party liable upon it could not defeat its recovery by conveying his property without considera-

tion, for the purpose of placing it beyond his reach. Conveyances made to defraud a party entitled to claim satisfaction for a liability arising out of the commission of a tort, can have no greater validity in law or equity, than they would have if made to defeat the payment of an unquestioned and acknowledged indebtedness. All obligations are alike to be protected against the fraudulent disposition of the property of the party liable to satisfy them. The intent which will vitiate them in the one case, must be equally as fatal to them in the other. There is no principle or authority which will avoid the debtor's act in one case, and sustain it in the other. (*Ford v. Johnston*, 14 N. Y. Sup. Ct. Repts., 562, 568; *Pendleton v. Hughes*, 65 Barb., 136.)

The evidence relating to these conveyances showed them to have been executed without any valuable consideration. They were what the law has denominated voluntary, constituting a mere gift of the debtor's property. (*Jackson v. Peek*, 4 Wend., 301.) But they are not solely for that reason to be considered fraudulent. (3 R. S. [5th ed.], 225, § 4.)

The owner who is free from debt may give away his property, or convey it by mere voluntary conveyances in good faith, and subsequent creditors cannot legally question the validity of the transaction. But where such a disposition is made by a person so much indebted at the time as to render the payment of his debts dependent upon the right to resort to such property for satisfaction, there a voluntary disposition of it will not be sustained. (*Carpenter v. Roe*, 10 N. Y., 227; *Babcock v. Eckler*, 24 id., 623; *Dygert v. Remerschnider*, 32 id., 629.) And the same result must follow when the debtor makes such a disposition for the purpose of hindering, delaying or defrauding present or prospective creditors. (*Savage v. Murphy*, 34 N. Y., 508; *Case v. Phelps*, 39 id., 164.) The statute of this State has declared that every conveyance of any estate or interest in lands, or in goods or things in action, made with intent to hinder, delay or defraud creditors, *or other persons* of their lawful suits, damages, forfeitures, debts or demands shall be void. (3 R. S. [5th ed.], 224, § 1.) And the party prosecuting the grantor for the assault and battery, was within the protection which this provision was designed to afford. For if not, accurately speaking, a creditor, he was still within the class of " other

persons," whose rights were intended to be maintained by the enactment of this section. If, therefore, the conveyances were made with the intent to hinder, delay or defraud him, that was sufficient to render them invalid as to his demand, after it had matured by the recovery of the judgment. And that they were so made was, upon the evidence, reasonably free from doubt. No other demand was pressing the debtor, and none existed from which he had reason to fear interference with his continued enjoyment of his property. The case involving this demand was about to be tried, and he, probably, feared what the trial afterward established, that he would be held liable for the damages which had been sustained, and under these circumstances he employed a person to draw the conveyances. On the day when that was done, or very shortly preceding it, that person, who was a witness on the trial, stated that the debtor told him that "he had some trouble by being a policeman, he got into some trouble in New York, and he was afraid he would have some considerable trouble, and desired to put the property in his wife's name." And the evidence of the plaintiff Martin embodied a similar statement. They intelligibly referred to the subject-matter of the pending action, and the fact that he made them was not denied by the debtor. But he testified that he made the deed because he feared he might be subjected to personal harm on account of his position on the police, and desired to place his property where his wife and children would be benefited by it. This reason was not a credible one, for the conveyance of his property was not required for the protection of his wife or children, if it was in no danger from the claims of others while it was held by himself, and it could afford him no immunity against assaults asserted to have been feared from other persons. The more probable reason was that related by the witnesses Purdy and Martin, that it was done to render the result nugatory, which he feared from the trial of the action for the assault and battery. The existence of that probability was sufficiently established by the evidence to render it the duty of the court before which the trial was had to find it as a fact, and that would have shown that the conveyances were void as to the plaintiff in the other action. He might on that circumstance and the others made to appear in the case, have secured the satisfaction of his judgment out of the property conveyed, notwithstanding the existence of the con

veyances made of it. By the bond which they executed, the plaintiffs became sureties for the debtor to him for the payment of his judgment, and they were obliged by a valid judgment against themselves to perform that obligation. That, in equity, entitled them to the benefit of the creditors remedies to secure their own indemnity. (*Lewis* v. *Palmer* 28 N. Y., 271.) It was there held to be a well settled principle of law, that a surety who pays the debt for his principal is entitled to be put in the place of the creditor, and to all the means which the creditor possessed to enforce payment against the principal debtor. (Id., 275, 276 ; *Hinckley* v. *Kreitz*, 58 id., 583.) This aspect of the case, though not particularly alleged, was sufficiently set forth in the complaint to entitle the plaintiffs to maintain their action. The conveyances were alleged to have been fraudulently made, and that, with the payment of the judgment and costs recovered against the debtor, and the other well established facts, made out a plain case for their relief. And they were not deprived of their right to it, because the debtor disclosed the existence of the fraud to one or both of them, when he applied to them to become his sureties in the bond which they executed for him.

The judgment should accordingly be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.