[S. F. No. 6360.   Department One.—June 25, 1915.]

# H. L. ATKINSON, Appellant, v. WESTERN DEVELOPMENT SYNDICATE (a Corporation), THE GRAY BROTHERS CRUSHED ROCK CO. (a Corporation), GOLDEN GATE TILE COMPANY (a Corporation), G. F. GRAY, and H. N. GRAY, Respondents.

FRAUDULENT TRANSFERS—ACTIONS TO SET ASIDE FINDINGS—RULE ON APPEAL.—In an action by a judgment creditor to set aside transfers of property by the judgment debtor upon the ground of fraud, findings of the trial court cannot be successfully assailed in the appellate court unless they are contrary to the undisputed evidence read in the light of all legitimate inferences to be drawn therefrom.

ID.—CONSTRUCTION OF CODE—FRAUDULENT INTENT.—In an attack upon a transfer of property made under section 3439 of the Civil Code, the fraudulent intent of the debtor is an essential part of the plaintiff's case, and the question whether such intent has been established by the evidence is one of fact.

ID.—LACK OF CONSIDERATION—INSOLVENCY—FRAUDULENT INTENT.—In an attack upon a transfer of property by a debtor based upon section 3442 of the Civil Code, if it appears that the grant was made without consideration by a person insolvent or in contemplation of insolvency, the transfer is void as to creditors regardless of the intent of the grantor.

ID.— CONSTRUCTIVE FRAUD—VALUABLE CONSIDERATION.— Where the transfer is not shown to be without consideration, constructive fraud, under section 3442 of the Civil Code, cannot be shown, because under that section fraud can be predicated only upon a transfer made without valuable consideration.

ID.—INTENT TO DEFRAUD CREDITORS—CONSTRUCTION OF CODE.—In an action by a judgment creditor to set aside conveyances by a judgment debtor corporation to other corporations composed of practically the same persons as the grantor corporation and alleged to be continuations of it, upon the ground that such transfers were in fraud of creditors, the question of the solvency of the grantor corporation is material only as showing an actual intent to defraud creditors, which fact, under section 3442 of the Civil Code, would invalidate the transfer regardless of the presence or absence of valuable consideration.

ID.—ADEQUATE CONSIDERATION—EVIDENCE IN THE CASE—FINDINGS.— Where it appears that a consideration was given for the transfer, there being no showing that it was not of the full value of the property transferred, under the facts here shown the court was not bound to find that the intent to delay or defraud creditors was conclusively established as a matter of law by the evidence in the case.

ID.—CORPORATIONS HAVING IDENTICAL STOCKHOLDERS—EVIDENCE IN THE CASE—FINDINGS.—The law does not prohibit persons from being interested in different corporations even though the holdings of shares in such corporation be substantially the same, nor does it prohibit a transfer of property from one of such corporations to the other, and the question as to whether the organization of the one and the transfer to it of the property by the other is a fraudulent device to evade the claims of creditors is a question of fact upon which the findings of the trial court must stand unless in clear conflict with the undisputed evidence.

ID.—TRANSFER OF ASSETS FROM ONE CORPORATION TO ANOTHER WITHOUT PAYMENT OF DEBTS—FRAUDULENT INTENT IMMATERIAL—ASSETS RETAINED BY GRANTOR CORPORATION—ADEQUATE CONSIDERATION.—The rule that, if the stockholders of a corporation organize

another corporation and transfer all of the assets of the former to the latter without paying the debts of the former, the transfer, irrespective of the actual intention of the parties, constitutes a fraud on the creditors of the old corporation, and the new corporation is liable in equity for the debts of the old to the extent of the assets received by it, does not apply to a case where the grantor retains substantial assets or where a full and adequate consideration is paid by the transferee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen, Knight & Olney, and McCutchen, Olney & Willard, for Appellant.

Ames & Manning, for Respondents.

SLOSS, J.—This is an action brought by the plaintiff as a judgment creditor of the defendant, The Gray Brothers Crushed Rock Company, to set aside transfers of property made by said judgment debtor to the other defendant corporations, to wit, Western Development Syndicate and Golden Gate Tile Company. The complaint was in several counts, and in it the plaintiff based his right to follow the property into the hands of the transferees upon the grounds: 1. That the Golden Gate Tile Company and the Western Development Syndicate were in fact "but continuations of the defendant The Gray Brothers Crushed Rock Company, doing business under different names"; 2. That the conveyances complained of were made by The Gray Brothers Crushed Rock Company, with intent to delay and defraud the plaintiff and his assignor; and, 3. That said conveyances were made without a valuable consideration and while the grantor was insolvent or in contemplation of insolvency.

The court found that the transferees were not in fact a continuation or continuations of The Gray Brothers Crushed Rock Company; that the deeds complained of were not made without a valuable consideration or while the grantor was insolvent or in contemplation of insolvency, and that they were not made with intent to delay or defraud the plaintiff or his assignor.

Judgment for the defendants followed. The plaintiff appeals from the judgment, claiming that the findings above outlined are not supported by the evidence.

While the facts shown by the record were such as to justify a grave suspicion of the validity of the transactions complained of, the showing made by the plaintiff did not establish a case that would justify this court in overthrowing the findings of the court below. In this class of cases, as in any other, the determination of questions of fact must rest with the trial court, and the findings of that court cannot be successfully assailed in the appellate court unless they be contrary to the undisputed evidence, read in the light of all legitimate interferences to be drawn from that evidence. Under section 3439 of the Civil Code, every transfer of property made "with intent to delay or defraud any creditor or other person of his demands" is void against all creditors of the debtor. In any attack made under this section, the fraudulent intent of the debtor is an essential part of the plaintiff's case, and the question whether such intent has been established by the evidence is one of fact. Under section 3442 of the Civil Code, a "transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors." If these conditions, to wit, a grant made without consideration by a person insolvent or in contemplation of insolvency, are present, the intent of the grantor is immaterial and the transfer, regardless of the actual intent, is void as to creditors. The plaintiff in his complaint sought to make out a case under both sections. A very brief summary of the facts shown will suffice to illustrate our views regarding the sufficiency of the evidence. On November 5, 1909, The Gray Brothers Crushed Rock Company made and delivered to Baker and Hamilton, the plaintiff's assignor, eight promissory notes, aggregating some five thousand seven hundred dollars, said notes being given for a consideration, which, in part, had its origin as early as October 6, 1909. The notes were subsequently assigned to the plaintiff, who recovered a judgment on them against The Gray Brothers Crushed Rock Company for $6499.09. Execution on said judgment was returned unsatisfied. The Gray Brothers Crushed Rock Company had been in existence for a number of years. The Golden Gate Tile Company was organized

in September, 1905, and the incorporators of said tile company were in the main the same persons who constituted the stockholders and directors of The Gray Brothers Crushed Rock Company. The Western Development Syndicate was organized in September, 1908, and its stockholders and directors are the stockholders and directors of The Gray Brothers Crushed Rock Company.

The property covered by the transfers complained of comprises twenty-five parcels of real estate situate in the city and county of San Francisco. On the twenty-sixth day of October, 1908, The Gray Brothers Crushed Rock Company conveyed to the Western Development Syndicate ten of the parcels. On the eleventh day of March, 1909, it conveyed to said syndicate two other of said parcels. Two additional parcels were conveyed to persons not parties to this action. On the twentieth day of October, 1909, it conveyed to the defendant, Golden Gate Tile Co., ten other parcels. There is no direct allegation that the parcel, designated as number 20 in the complaint, has been conveyed at all.

It will be observed that when the transfers of October, 1908, and March, 1909, to the Western Development Syndicate were made, the debtors still retained the ten parcels finally conveyed to the Golden Gate Tile Company. There is no suggestion in the record that this last mentioned property was not ample to satisfy the claims of the plaintiff and all other creditors, and no time need therefore be taken in arguing that the evidence supports the findings of the court with respect, at least, to the two earlier transfers. The controversy at the trial turned largely on the question whether the conveyance of October 20, 1909, to the Golden Gate Tile Company was for a valuable consideration, and whether at that date The Gray Brothers Crushed Rock Company was insolvent or in contemplation of insolvency. The findings in favor of the defendants on these questions are, as we have said, assailed by the plaintiff. It may at once be admitted that the evidence in support of the solvency of the grantor is not as conclusive as it might have been. There was, however, some evidence from which the court might have come to the conclusion that the assets remaining in the ownership of the debtor were sufficient to meet all of its obligations. On the question of the voluntary character of the conveyance, there was testimony that the deed of October 20, 1909, was made in consideration

of the cancellation of an indebtedness of $14,645, owed by The Gray Brothers Crushed Rock Company to the Golden Gate Tile Co. This indebtedness was evidenced by a promissory note made by The Gray Brothers Crushed Rock Company to the order of G. F. Gray and H. N. Gray. The note was produced in evidence. It bore the indorsement of the Grays and this notation, "Paid 10/20/09. Golden Gate Tile Co., H. N. Gray, Secy." The inquiry as to the consideration for this note developed that it had been given in renewal of a prior note from The Gray Brothers Crushed Rock Company to G. F. and H. N. Gray, bearing date the fourteenth day of January, 1903, and there was testimony to the effect that this original note had been given in consideration of a conveyance of real property by the Grays to the Crushed Rock Co.

The credibility of this testimony was of course for the trial court. There can be no question that it fully justified the finding that the conveyance from The Gray Brothers Crushed Rock Company to the Golden Gate Tile Co. was not voluntary and without a valid consideration, but that it was in fact made for a valuable consideration. This being so, the constructive fraud defined in section 3442 was not established, since under that section fraud can be predicated only upon a transfer made or given without a valuable consideration. Whether or not the grantor was insolvent became immaterial, therefore, except as a circumstance bearing on the question of actual intent to delay or defraud creditors, which, under section 3442, would invalidate the transfer regardless of the presence or absence of a consideration. Under all the circumstances, however, it cannot be said that the court was bound to conclude that the intent to delay or defraud creditors was established as a matter of fact by the evidence. Even if it be assumed that the grantor's solvency was doubtful, it received for the transfer a consideration which, so far as the record shows, may have been the full value of the property. The intent of the grantor was to be decided upon inferences to be drawn from all of the circumstances and there was no such clear case presented as to compel an inference in favor of the plaintiff's contention.

The only remaining point is whether the court should have found that the Golden Gate Tile Company and the Western Development Syndicate were in fact mere continuations of The Gray Brothers Crushed Rock Company, carrying on the

same business under different names. That is again a question of fact upon which the trial court has found in favor of the defendants. The plaintiff relies upon a series of cases, of which *San Francisco and N. P. R. R. Co.* v. *Bee,* 48 Cal. 398, and *Blanc* v. *Paymaster Mining Co.,* 95 Cal. 524, [29 Am. St. Rep. 149, 30 Pac. 765], may be cited as examples. In the first of these cases a corporation had transferred all of its property to a newly organized corporation in exchange for an issue of stock of the latter to the stockholders of the former. The property in the hands of the grantees was held liable for the debts of the grantor, the court holding that the transaction was in violation of the statute prohibiting a corporation from dividing the capital stock of the company among the stockholders. (See *Kohl* v. *Lilienthal,* 81 Cal. 378, [6 L. R. A. 520, 20 Pac. 401, 22 Pac. 689].) In *Blanc* v. *Paymaster Mining Co.,* the property of a debtor corporation had, by means of a colorable device, been transferred without consideration to a corporation organized for that purpose. Here, too, the creditor of the first corporation was permitted to follow the funds into the hands of the grantee. These cases, and others which are cited, go upon the ground, either that the transaction was one which violated the statutory rule prohibiting the division among stockholders of the capital stock, or that the transfer was a fraudulent pretense, leaving the real beneficial ownership of the property where it had always been. The first ground does not apply here. The consideration for the transfer did not go to the stockholders of The Gray Brothers Crushed Rock Company, but to that corporation itself. And while the identity of the stockholders and of the directors furnished some ground for the contention that the Western Development Syndicate and the Golden Gate Tile Company were in substance the same as The Gray Brothers Crushed Rock Company and therefore chargeable with its debts to the extent of the property received from the debtor corporation, there were circumstances pointing to a different conclusion. Among other things, the Golden Gate Tile Company was carrying on a business quite distinct from that of The Gray Brothers Crushed Rock Company. The court was not bound to conclude that the later corporations were mere substitutes for and continuations of the former. The law does not prohibit persons from being interested in different corporations, even though the stock holdings in such corporations be sub-

stantially identical. Nor does it prohibit a transfer of property from one of such corporations to the other. Whether the organization of the one and the transfer of it of property by the other is a fraudulent device to evade the claims of creditors is a question of fact upon which the findings of the trial court must stand unless in clear conflict with the undisputed evidence. No such conflict appears here.

Some reference should also be made to another rule relied on by the appellant and declared in some of the cases cited by him. It is well settled that "if the stockholders of a corporation organize another corporation, and transfer all of the assets of the former to the latter, without paying the debts of the former, the transfer, irrespective of the actual intention of the parties, constitutes a fraud on the creditors of the old corporation, and the new corporation is liable in equity for the debts of the old to the extent of the assets received by it." (2 Clark & Marshall on Private Corporations, sec. 342i; *Hibernia etc. Co.* v. *St. L. & N. O. Transp. Co.*, 13 Fed. 516.) Such transfer is not, however, necessarily fraudulent where the grantor retains substantial assets or where a full and adequate consideration is paid by the transferee. (2 Clark & Marshall on Private Corporations, sec. 342i.) There was evidence in this case which authorized the court to conclude that the conveyances complained of came within the exception. Referring specifically to the transfer against which the most serious attack is directed, i. e., that to the Golden Gate Tile Company, there was evidence that the Crushed Rock Company still retained assets of considerable value. And, as we have already pointed out, the court was warranted in finding that a consideration of over fourteen thousand dollars had been paid for this conveyance—a consideration which in the absence of evidence to the contrary the court had a right to take to be equal to the value of the property transferred.

Upon the whole case we think there is no sufficient ground for disturbing the findings of the court below.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.