Dellenbarger Machine Company
vs.
L. P. Larson, Jr., Company

No. 4481.

February 27, 1932.

FROST, J. Heard on defendant's plea in abatement to plaintiff's declaration.

Plaintiff is a Pennsylvania corporation having its principal office in the City of Philadelphia, while defendant is an Illinois corporation with its office in the City of Chicago. Plaintiff's writ was served in the City of Newport by the attachment of certain machinery and equipment alleged to be the property of the defendant.

Plaintiff's action is an action of the case and the declaration is in seven counts. Each of the first six counts alleges an agreement on the part of the defendant to build and construct one or more machines, the non-acceptance by the plaintiff of such machine or machines and a refusal to pay a balance upon the agreed price of such machine or machines by the defendant.

The seventh count is one in indebitatus assumpsit.

The defendant filed a plea to the jurisdiction in which it asserts that it has now no right, title or interest, nor did it have any right, title or interest in the attached property at the time of such attachment.

The plea raises the question of the Court's jurisdiction since service was made by attachment of personal property found in this state.

At the hearing it appeared that

there had been incorporated in this state on the first day of August, 1929, a corporation by the name of L. P. Larson, Jr., Company. The defendant also introduced in evidence an instrument, dated August 19, 1929, purporting to be a conveyance from the Illinois corporation to the Rhode Island corporation of the same name, transferring to it certain real estate in the City of Newport, also certain tangible and intangible personal property.

The evidence discloses that the Rhode Island corporation assumed liabilities amounting to $278,288.25, but did not assume the claims of this plaintiff and of some other claimants. The plaintiff contends that the transfer of August 19, 1929, was made with the intention and for the purpose of defrauding creditors, and the validity of this transfer, therefore, becomes the cardinal question to be determined in this case.

It is argued that the transfer comes within the provisions of Chap. 311, Gen. Laws of R. I. 1923, and is a sale of merchandise in bulk.

The Court does not think that such is the case. The defendant at the date of transfer was a manufacturer and not a merchant. The property in this case is manufacturing equipment and not the fixtures of a merchant. The transfer appears to have been a sale of all that one manufacturing concern had to another manufacturing concern. It was not a sale of a merchant's merchandise and fixtures to another merchants.

See *Gaspee Cab, Inc.* vs. *Francis L. McGovern et al.* (1931) 51 R. I. 247.

If the transfer of August 19, 1929, is not within the provisions of the Sales in Bulk Act, was it made with the intent or purpose to delay, hinder or defraud creditors in violation of the provisions of Sec. 1 of Chap. 297 of the Gen. Laws of Rhode Island, 1923?

The answer to this question must be gathered from a consideration of all the facts surrounding the conveyance.

*H. L. Atkinson, Appt.* vs. *Western Development Syndicate et als.*, (1915) 170 Cal. 503 at 510.

At the time of the transfer of the property in question, the defendant was engaged in the manufacture of chewing gum in the City of Newport. A Rhode Island corporation was created having the identical name of the Illinois corporation. L. P. Larson, Jr., was the owner of substantially all, if not all, of the stock of the Illinois corporation. He owned practically all of the stock of the Rhode Island corporation. The consideration was in the form of stock of the new corporation, all of the stock issued in the beginning being given to the old corporation.

The instrument dated August 19, 1929, has not been recorded. Letterheads of the new corporation would not suggest to one who had done business with the old corporation that any change had taken place. Mr. Larson testified that he notified Mr. Dellenbarger of the transfer of the business, but this was denied by Mr. Dellenbarger, who said that not only was he not notified but that he had no knowledge of it until about two weeks before the hearing.

Liabilities generally were assumed by the Rhode Island corporation but the claims of certain claimants, including those of the plaintiff, were not so assumed. Mr. Larson testified that legitimate claims were taken over but those that he did not consider legitimate were not transferred. It does not specifically appear, but the reasonable inference from all the testimony is that substantially all of the assets of the Illinois corporation were transferred to the Rhode Island corporation by the instrument of August 19, 1929. The Illinois corporation still exists, has certain assets, at least, in the form of stock of the Rhode Island corporation, and while no longer a manufacturing corporation, is a selling corpor-

ation. No clear, definite and specific reason for the creation of the Rhode Island corporation was given, but the Court thinks that it detected at the hearings, from the manner of Mr. Larson and from his testimony when the plaintiff's claims were mentioned, a desire and a willingness to make it as difficult as possible for Mr. Dellenbarger to recover. This feeling, if it existed, was dictated, perhaps, by the belief that the claims were not well founded.

The Court thinks plaintiff's claims, with others that existed and were not passed on to the new corporation, were a reason, if not the sole reason, for the incorporation of the Rhode Island corporation.

It therefore finds from all the evidence that the instrument of August 19, 1929, transferring the property attached by the writ in this case, was a conveyance in violation of the statute.

The 4th, 5th and 6th counts allege indebtedness that arose from contracts entered into subsequently to the conveyance of August 19, 1929. The Court, however, thinks the plaintiff may attack the transfer by virtue of those subsequent claims as well as by the earlier ones. So far as the public or the plaintiff could discern, the defendant continued in the possession, ownership and enjoyment of the property from the date of the transfer until near the present time. The evidence indicates that the conveyance was made with a view to a continued and further indebtedness in its business with this plaintiff and with the intent to avoid payment thereof.

27 C. J. Sec. 202 page 523;
*Alfred B. Day, et als.* vs. *Chas. E. Cooley,* 118 Mass. 524 at 527;
*Savage, Receiver, &c Rspdts.* vs. *Murphy, et als., Appt's.,* 34 N. Y. 508.

Defendant's plea in abatement is overruled and defendant is allowed 10 days wherein to plead to the merits.

For plaintiff: Moore & Curry.
For defendant: Harry C. C. Koehne.