[Sac. No. 4938. In Bank.—February 26, 1936.]

GURDIT SINGH et al., Appellants, v. U. S. AMERICAN MALWA SUDHARAK SOCIETY (a Nonprofit Corporation) et al., Respondents.

Hubert H. Briggs and Frederick L. Felton for Appellants.

George C. Carmody for Respondents.

CONREY, J.—Appeal from judgment for defendants in an action in the nature of a suit for an accounting of corporate funds by officers of the corporation.

Defendant U. S. American Malwa Sudharak Society is a nonprofit religious and educational corporation which, prior to incorporation, existed as a voluntary association. The other defendants are members of the governing board, referred to as the working committee or board of directors of the corporation. Plaintiff Gurdit Singh is also a director and his coplaintiff, Bagga Singh, a former director thereof. Plaintiffs brought this action on behalf of the corporation. Judgment having been entered in favor of defendants, the plaintiffs appeal therefrom.

The cause was tried on the third stated count of the complaint, wherein relief is sought by way of an accounting on behalf of the corporation from the individual defendants, of their use of the corporate funds. The gravamen of the case as stated in said third cause of action is that the defendant officers of the corporation unlawfully expended its funds for purposes not germane to its objects and for their own benefit, dissipating said funds to the detriment of the corporation and its general membership. In substantiation of said allegations plaintiffs relied mainly on one transaction, namely, use of corporate funds to the amount of about $1500 to finance the defense of a certain lawsuit against the corporation, its predecessor association, and various other persons, including the individual defendants herein, all presumably members of the corporation and of the association; and also the continued spending of corporate funds for defense of these individual defendants after a demurrer interposed by the corporation in said action was sustained and the corporation was dismissed therefrom as party defendant.

The plaintiff in said former action, one Dhandah, based his claims upon a contract purported to have been executed by and on behalf of the association, prior to its incorporation. Admittedly, up to the time the corporation was dismissed as party defendant therein, the directors were justified in using

corporate funds for its defense. The question here was whether the acts of the directors after dismissal of the corporation, in supplying additional funds for defense of the remaining defendants, were *ultra vires* and fraudulent. On this issue, the court made findings in favor of the defendants. It is contended by appellants that the evidence is not sufficient to support these findings.

The record contains ample support for the findings. Even after judgment in favor of the corporation in said former action, the corporation was interested in seeing that there be no judgment obtained against the individual defendants and the association which might be used as the basis of an action against the corporation to follow into its hands assets of the association which had been transferred to the corporation, and received by it, without consideration, as successor to the association. It was reasonably probable that such subsequent action might successfully be prosecuted. (*Estate of Scrimger,* 188 Cal. 158 [206 Pac. 65] ; *Atkinson* v. *Western Development Syndicate,* 170 Cal. 503 [150 Pac. 360].)

As the above holding requires an affirmance of the judgment, it becomes unnecessary to give attention here to the additional stated ground of appeal, wherein appellants contend that the trial court erred in its ruling to the effect that the plaintiffs had no capacity to maintain this action.

The judgment is affirmed.

Thompson, J., Shenk, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.